IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS M. CERVANTES-TOMAYO, | C 08-4258 MMC(PR) |
| Petitioner, | **ORDER OF TRANSFER** |
| vs. | **(Docket No. 3)** |
| PEOPLE, | |
| Respondent. | |

On September 9, 2008, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming the State of California has breached the terms of a plea agreement entered into by petitioner in 1990 in the Superior Court of Orange County. Petitioner seeks leave to proceed in forma pauperis.

Pursuant to 28 U.S.C. § 2241(d), venue for a habeas action is proper in either the district of confinement or the district of conviction. See 28 U.S.C. § 2241(d). Where the petition challenges a conviction or sentence, however, federal courts in California traditionally have chosen to hear such petition in the district of conviction. See Dannenberg v. Ingle, 831 F. Supp. 767, 767 (N.D. Cal. 1993); Laue v. Nelson, 279 F. Supp. 265, 266 (N.D. Cal. 1968); see also Habeas L.R. 2254-3(a)(1). In the instant action, petitioner was convicted in Orange County, which is located within the venue of the Central District of

California.  See 28 U.S.C. § 84(c).  Consequently, venue is proper in the Central District, not in the Northern District.

When venue is improper, the district court has the discretion to either dismiss the action or transfer it "in the interest of justice."  See 28 U.S.C. § 1406(a).  Accordingly, in the interest of justice, the above-titled action is hereby TRANSFERRED to the United States District Court for the Central District of California.  In light of the transfer, this Court will defer to the Central District with respect to petitioner's application to proceed in forma pauperis.

This order terminates Docket No. 3.

IT IS SO ORDERED.

DATED: September 19, 2008

MAXINE M. CHESNEY
United States District Judge